UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMAIN ASSET HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE RIDGE FIBERBOARD, INC.,<br><br>    Defendant. | No. 2:16-cv-00520<br><br>COMPLAINT FOR DECLARATORY RELIEF UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT |

Plaintiff Domain Asset Holdings, Inc. ("Plaintiff"), by and through its counsel, brings this action against Blue Ridge Fiberboard, Inc. ("Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for declaratory relief to establish that Plaintiff's registration of the domain name Soundstop.com (the "Domain Name") is lawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (ACPA), and to prevent the transfer of the Domain Name to Defendant, which was ordered in a decision by an administrative panel pursuant to the Uniform Domain Name Dispute Resolution Policy (UDRP) in the proceeding Blue Ridge Fiberboard, Inc. v. DOMAIN ADMINISTRATOR / DOMAIN ASSET HOLDINGS, LLC, FA1602001661150 (Mar. 29, 2016).

COMPLAINT (No. ) – 1

91004-7113/130556470.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
SGR/13781946.1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff seeks a declaration, pursuant to 28 U.S.C. § 2201, that its registration and use of the Domain Name does not violate Defendant's rights under the ACPA, and other provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq*.

3. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding with the National Arbitration Forum (NAF) concerning the Domain Name. Specifically, Defendant agreed to jurisdiction in the location of the concerned registrar. The registrar for the Domain Name, eNom, Inc. is headquartered in Kirkland, Washington.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Domain Name registrar eNom, Inc. is located in Kirkland, Washington, which is in this judicial district.

**PARTIES**

5. Plaintiff Domain Asset Holdings, LLC is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business located at 2 Research Place, Suite 310, Rockville, MD 20850.

6. Upon information and belief, Defendant Blue Ridge Fiberboard, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 300 Industrial Drive, Hampshire, IL 60140.

**FACTS**

7. Plaintiff is a premium domain name investor that was established in 2008 and currently maintains a portfolio of approximately 250,000 domain names. Plaintiff primarily buys and sells domain names through a secondary marketplace operated by Plaintiff's affiliated company DomainMarket, LLC.

8. In view of the proliferation of use of the Internet in the last decade, with approximately 299 million registered domain names worldwide, the secondary market for

COMPLAINT (No. ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

91004-7113/130556470.1

SGR/13781946.1

1  domain names plays an important role in the digital economy by affording business owners the
2  opportunity to acquire valuable brand assets, namely domain names, that otherwise may not be
3  available.

4  9.  The Domain Name was first registered November 24, 1999, and was acquired by
5  Plaintiff through a domain name auction in January 2011 after the prior owner failed to renew
6  the domain name.

7  10. At the time the Domain Name was acquired, Plaintiff was purchasing upwards of
8  500 domain names per day.

9  11. To select domain names to purchase, Plaintiff uses proprietary software and
10 algorithms that analyze available or soon-to-be available domain names, including expiring
11 domain names being sold at auction.  Factors the algorithms consider to determine whether a
12 domain name would be of value to Plaintiff's customers include the number of characters in the
13 domain name, whether the domain name includes common terms, and whether the domain name
14 has features that would make it marketable and easy to remember, such as the use of alliteration.

15 12. The term "sound" in particular is perceived to have a high value because it can be
16 used by a variety of industries, and Plaintiff currently owns approximately 400 domain names
17 that comprise the term "sound" with one or more dictionary terms.

18 13. In addition, the Domain Name was perceived to be a good acquisition because the
19 Domain Name comprised the term "sound" with another short, common term, "stop," and the
20 resulting double "s" alliteration.

21 14. Plaintiff had no knowledge of Defendant or any claimed, exclusive rights in the
22 combination of the terms "sound" and "stop" at the time the Domain Name was acquired.

23 15. In the five years that Plaintiff has owned the Domain Name, the Domain Name
24 has never been used to sell competitive third-party goods or services or display pay-per-click
25 advertising that directs consumers to competitive third-party goods or services.

26

COMPLAINT (No. ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

91004-7113/130556470.1

SGR/13781946.1

16. Rather, consumers who visit the Domain Name are redirected to a landing page, located at http://www.domainmarket.com/buynow/soundstop.com, on the website DomainMarket.com, the website for Plaintiff's affiliate DomainMarket, LLC. The landing page displays the sale price of the Domain Name, a means to purchase it, a phone number for DomainMarket.com, and a search engine for browsing the premium domain names available for purchase on DomainMarket.com. The page also contains links to information about DomainMarket.com.

17. Plaintiff's use of the Domain Name to merely offer that domain name for sale constitutes a bona fide offering of goods and services.

18. Plaintiff has never intended to divert customers from a website owned by Defendant, and Plaintiff's use of the Domain Name has not caused nor is it likely to cause confusion as to the source, sponsorship, affiliation or endorsement of the site.

19. Plaintiff has never approached Defendant or any of its competitors regarding a potential sale of the Domain Name.

20. Plaintiff provided accurate contact information when applying for registration of the Domain Name, and has maintained accurate contact information.

21. As part of Plaintiff's registration agreement with domain name registrar eNom, Inc., Plaintiff agreed to be bound by the UDRP, which requires Plaintiff to submit to and participate in a mandatory administrative arbitration proceeding in the event that a third party, such as Defendant, submits a complaint to a dispute resolution service provider concerning a domain name that Plaintiff has registered.

22. On February 18, 2016, Defendant submitted a complaint pursuant to the UDRP with the NAF, an approved dispute resolution service provider under the UDRP, seeking transfer of the Domain Name to Defendant.

COMPLAINT (No. ) – 4

91004-7113/130556470.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000
SGR/13781946.1

1   23.  Defendant alleged in its complaint, *inter alia*, that it owns enforceable rights in
2   the trademark SOUNDSTOP, that Plaintiff has no rights or legitimate interests in the Domain
3   Name, and that Plaintiff registered and is using the Domain Name in bad faith.

4   24.  On March 30, 2016, an administrative panel established by NAF directed the
5   transfer of the Domain Name from Plaintiff to Defendant.

6   25.  Rule 4(k) of the UDRP provides Plaintiff an opportunity to stay the transfer of the
7   Domain Name by commencing a lawsuit within ten (10) business days of a NAF decision.

**FIRST CAUSE OF ACTION**
**Declaratory Relief Pursuant to 28 U.S.C. § 2201**
**Defendant Is Not Violating the ACPA**

26.  Plaintiff incorporates the allegations set forth in Paragraphs 1-25 as though fully set forth herein.

27.  There is an actual controversy with respect to whether Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the ACPA.

28.  At the time Plaintiff registered the Domain Name, Defendant's mark SOUNDSTOP was neither "distinctive" nor "famous" as provided for under 15 U.S.C. § 1125(d)(1)(A)(ii).

29.  Although Defendant has a registration for SOUNDSTOP for "fiberboard sheathing," its rights are limited to those goods and goods closely related to them.

30.  In registering the Domain Name, Plaintiff lacked any "bad faith intent," as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's mark SOUNDSTOP.

31.  Plaintiff has not and is not using the Domain Name to advertise, promote or sell competing goods or services to those covered by the SOUNDSTOP registration.

32.  Plaintiff had reasonable grounds to believe that its registration and use of the Domain Name was a fair use or otherwise lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

33.  Plaintiff's registration and use of the Domain Name does not violate Defendant's rights under the ACPA.

COMPLAINT (No.  ) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-7113/130556470.1

SGR/13781946.1


# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that judgment be entered:

A. Declaring that Plaintiff has the right to register and use the Domain Name;

B. Declaring that Plaintiff did not register the Domain Name in bad faith;

C. Declaring that Plaintiff is not cybersquatting within the meaning of 15 U.S.C. § 1125(d).

D. Prohibiting Defendant and the registrar eNom, Inc. from taking any further action with respect to the transfer of the Domain Name;

E. Awarding Plaintiff the costs of suit, including reasonable attorneys' fees; and

F. Awarding such other further relief as the Court deems just and equitable.

DATED: April 11, 2016

**PERKINS COIE LLP**

By: s/William C. Rava
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
Austin J. Rice-Stitt, WSBA No. 42166
ARiceStitt@perkinscoie.com
Jonathan P. Goddard, WSBA No. 49872
JGoddard@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Domain Asset Holdings, LLC

COMPLAINT (No. ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

91004-7113/130556470.1

SGR/13781946.1